UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

BRENT SWALLERS                                                        PLAINTIFF

v.                                                CIVIL ACTION NO. 4:17CV-P60-JHM

MATT RINKA                                                   DEFENDANT

**MEMORANDUM OPINION**

        Plaintiff Brent Swallers initiated this *pro se* civil action. By Order entered July 5, 2017, the Court ordered Plaintiff to re-file his action on the appropriate Court-approved form and to tender the appropriate filing fee or file an application to proceed without prepayment of fees within 30 days. The Order was mailed to Plaintiff's address of record at that time, the Henderson County Detention Center. On August 28, 2017, the mailing of that Order was returned by the United States Postal Service marked "Return to Sender." However, subsequent to that Order, Plaintiff filed three documents giving a new address and indicating that he may have been released from custody (DNs 5, 6, and 7). The Clerk of Court resent the mailing to Plaintiff at the address he gave on the documents on August 28, 2017. On September 1, 2017, the Court entered an Order (DN 9) stating that Plaintiff must fully comply with the Court's July 5, 2017, Order within 30 days and warning him that his failure to comply would result in dismissal of the action.

        Both the August 28, 2017, mailing and the September 1, 2017, Order were returned by the United States Postal Service marked "Return to Sender" (DNs 10 and 11). Plaintiff apparently no longer resides at the address he provided the Court, and he has not advised the Court of a current address. Therefore, neither notices from this Court nor filings by Defendant in this action can be served on Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with this Court's Local Rules by failing to provide written notice of a change of address, the Court concludes that this case must be dismissed for lack of prosecution. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: October 26, 2017

                                        Joseph H. McKinley, Jr., Chief Judge
                                        United States District Court

cc: Plaintiff, *pro se*
4414.010